UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUDA ALKALLA, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1- 10, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-07795-HDV-MAR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES [15]** |

## I. INTRODUCTION

This lemon law action arises out of Plaintiff Houda Alkalla's purchase of a 2021 Chevrolet Trailblazer. Plaintiff alleges that the vehicle experienced an "electrical defect" during the warranty period.

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 15], which asserts that the removal of this case on August 20, 2025 was untimely. For the reasons discussed thoroughly in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK (C.D. Cal. Oct. 29, 2025) [Dkt. 28] ("*Chavarin* Order"), the Court concludes that the complaint did not provide sufficient grounds for triggering the 30-day removal clock under 28 U.S.C. § 1446(b). The removal was therefore timely. As to the merits of subject matter jurisdiction, the Court concludes that Defendant has met its burden, by the lower "preponderance of the evidence" standard, to establish that removal was proper. The Motion is denied.[1]

## II. BACKGROUND

Plaintiff purchased a 2021 Chevrolet Trailblazer (the "Vehicle") in May 2021. First Amended Complaint ("FAC") ¶¶ 6, 9 [Dkt. 1-1]. Plaintiff alleges the Vehicle was defective and that Defendant General Motors failed to fulfill its warranty obligations. *Id.* ¶¶ 12, 14.

Plaintiff filed a First Amended Complaint on April 1, 2025, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly") and the federal Magnuson-Moss Warranty Act ("MMWA"). *Id.* ¶¶ 8–44. The FAC identifies Plaintiff as a resident of Northridge, California, but provides no further information about Plaintiff's domicile or citizenship. *Id.* ¶ 2. The FAC also does not have any indication of the purchase price of the Vehicle. Defendant filed its Answer on June 25, 2025. Notice of Removal, Ex. B (General Motors Answer to Complaint) [Dkt. 1-2].

Defendant removed the case on August 20, 2025, alleging that this Court has diversity jurisdiction. Notice of Removal at 2–5 [Dkt. 1]. Based on an estimated purchase price and deductions, Defendant estimated the plausible actual damages amount to be $18,572.50. *Id.* at 5.

---

[1] Because the Motion to Remand is denied, Plaintiff's attendant request for attorneys' fees is also denied.

On August 22, 2025, Plaintiff produced the purchase agreement for the Vehicle, showing it was purchased by Plaintiff for $35,545.70. Declaration of Nykeemah C. McClendon ("McClendon Decl."), Ex. A [Dkts. 16-3, 16-1]. Defendant also produced its records of the Vehicle's repair history. *Id.*, Ex. B [Dkt. 16-2].

Plaintiff filed the instant Motion on September 19, 2025. [Dkt. 15]. After full briefing, see Opposition [Dkt. 16] and Reply [Dkt. 17], the Court deemed the matter appropriate for resolution without oral argument and took it under submission. [Dkt. 19].

## III.   LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject-matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

A notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA*, 707 F.3d 1136, 1139–40 (9th Cir. 2013). Should the initial pleading not reveal grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving an "amended pleading, motion, order or other paper" which establishes that removability is "unequivocally clear and certain." 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021). These 30-day time limits, although procedural in nature, are mandatory, and a successful challenge to removal based on a late notice requires remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

The removing party bears the burden of establishing federal subject matter jurisdiction. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The notice of removal need only include a "short and plain statement," or "plausible allegation," of "the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (quoting 28 U.S.C. § 1446(a)). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the jurisdictional

1  requirements have been satisfied. *Id*. at 82.

2  "[W]hether a defendant can establish that federal jurisdiction exists and . . . when the thirty-
3  day time period begins are not two sides of the same coin." *Kuxhausen*, 707 F.3d at 1141 n.3. If a
4  Defendant, based on its own knowledge or investigation, knows of and can plausibly allege facts
5  which confer federal jurisdiction, it *may* remove even though the removal clock may not have
6  *necessarily* started to run. *See id.* at 1139–42.

7  **IV.    DISCUSSION**

8        **A.    Timeliness of Removal**

9  Plaintiff makes several, sometimes conflicting, arguments in support of remand. Indeed,
10 Plaintiff's counsel has raised similar arguments in several other lemon law cases against General
11 Motors in recent months. This Court first considered and decided some of the relevant issues in
12 *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK, 2025 WL 3030875 (C.D. Cal.
13 Oct. 29, 2025). Plaintiff's timeliness arguments here fail for the same reasons as in *Chavarin*.

14 First, Plaintiff argues that removability was apparent from the face of the complaint based on
15 federal question jurisdiction (given the MMWA claim). Motion at 4–5. This argument fails because
16 there is federal question jurisdiction under that statute *only* if the amount in controversy on the
17 MMWA claim is at least $50,000. 15 U.S.C. § 2310(d)(3)(B). But Plaintiff's FAC does not include
18 any allegations as to the Vehicle's value (*e.g.*, sales price, market value) that would give Defendant
19 notice that the MMWA claim is greater than this jurisdictional threshold. *See Chavarin*, 2025 WL
20 3030875 at *2–3 & n.2.[2] Nor did Plaintiff serve any additional "paper" that gave "unequivocally
21 clear and certain" notice the MMWA claim was at least $50,000. Defendant's removal was
22 therefore not untimely.

23    **B.    Subject Matter Jurisdiction**

24 Contradicting the first argument, Plaintiff next avers that Defendant has not met its burden as

---

[2] Diversity-related removability also could not be ascertained from the FAC, both because the FAC contains no facts suggesting that the $75,000 amount in controversy was met, and because the allegations of Plaintiff's California residency do not set forth Plaintiff's domicile or citizenship. *See Chavarin*, 2025 WL 3030875 at *3.

4

the removing party of establishing the amount in controversy exceeds required for subject matter jurisdiction. Motion at 9–10. The Court disagrees.

Plaintiff seeks relief under the Song-Beverly Act, which allows a plaintiff to recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees. Cal. Civ. Code § 1794. "In the case of restitution," actual damages are "restitution in an amount equal to the actual price paid or payable by the buyer," reduced by offsets for the use by the buyer prior to the first delivery for repair, negative equity, manufacturer's rebates, any third-party sold optional equipment, and unpaid financing. *Id.* § 1793.2(d)(2); Cal. Code Civ. Proc. § 871.27(b)–(d), (f). The sales contract Defendant attaches to its opposition reveals that Plaintiff purchased the Vehicle for $35,545.70 with 10 miles. McClendon Decl., Ex. A. Based on a review of the repair history and additional mileage accrued, Defendant calculated a mileage offset of $2,008.62, in addition to an offset of $1,269.00 for "optional third party contracts." Opposition at 16 (citing Cal. Code Civ. Proc. § 871.27); McClendon Decl., Ex. B. Defendant therefore plausibly estimates the actual damages to be $29,268.18. Opposition at 17.[3] In addition, Plaintiff's potential recovery in civil penalties is double the actual damages, or $58,536.36. "[C]ivil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake"—or in controversy—"in the litigation." *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025). That brings the amount in controversy to $87,804.54, easily exceeding the jurisdictional threshold before even accounting for attorneys' fees.

Defendant has also met its removal burden with regard to diversity. Diversity jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant has alleged in its Notice of Removal that Plaintiff is a citizen of

---

[3] Although Plaintiff has not yet produced payment history, Defendant also plausibly estimates that if Plaintiff is in compliance with his agreement, as of October 2025 he would have made approximately 51 payments of $391.76, totaling $2,999.90 in unpaid financing. Opposition at 16–17; McClendon Decl., Ex. A. Plaintiff takes issue with Defendant's evidence as "fatally speculative," but he does not offer any evidence in response that challenges Defendant's calculations.

California and Defendant is a citizen of Michigan and Delaware. Plaintiffs have not contested these allegations, *see generally* Motion and Reply, and they are sufficient for present purposes.

In summary, the Court concludes that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000 and finds that this Court has diversity jurisdiction.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is ***denied***.

Dated: November 19, 2025

_____
Hernán D. Vera
United States District Judge